IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSHUA PAUL BARNHILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CR 123-012 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 78.) In his objections, Petitioner raises numerous arguments to undermine the Magistrate Judge's conclusion that his § 2255 motion should be denied. (See id.) However, as set forth below, Petitioner fails to establish his counsel's representation fell below an objective standard of reasonableness, and thus his objections are unavailing.

In the underlying criminal proceedings, defense counsel filed a Sentencing Memorandum highlighting mitigating information about Petitioner prior to the sentencing hearing. (See doc. no. 40.) At the sentencing hearing, defense counsel argued Petitioner should receive a sentence at the lower end of the Guideline range based on the information presented in the Sentencing Memorandum. (Doc. no. 72, pp. 7-8; see also doc. no. 48 (sentencing transcript).) Petitioner ultimately received a sentence at the lowest end of the Guideline range. (Doc. no. 72, pp. 6, 8 (citing doc. no. 48, pp. 16-17).)

In his § 2255 motion, Petitioner raised three grounds for relief based on ineffective assistance of counsel, two regarding defense counsel's failure to object to certain sentencing enhancements, and one claiming defense counsel unreasonably failed to argue for a below-Guideline sentence based on relevant criticisms concerning the Guideline calculations for child pornography offenses. (See doc. no. 49.) In the Report and Recommendation, the Magistrate Judge addressed and rejected the substance of Petitioner's concerns for each sentencing enhancement ground and also concluded that even if Petitioner's arguments were correct, Petitioner failed to show his defense counsel's choice of strategy was so patently unreasonable no competent counsel would have made it. (Doc. no. 72, pp. 12-24.) Regarding Petitioner's third ground, the Magistrate Judge determined defense counsel did not perform deficiently by failing to raise the alternate arguments advanced by Petitioner in his § 2255 motion because the unraised arguments were not stronger than defense counsel's approach. (Id. at 24-28.) In his objections, Petitioner argues the Magistrate Judge erred in concluding defense counsel's failure to object to the enhancements at issue and decision to argue in favor of a low-end Guideline sentence was reasonable under the circumstances. (Doc. no. 78, pp. 27-29, 35-36, 36-41.) Because Petitioner fails to establish no competent attorney would have taken his counsel's approach, Petitioner's objections are unsuccessful.

As the Magistrate Judge explained, defense counsel's "[s]trategic decisions are entitled to a 'heavy measure of deference.'" (Doc. no. 72, p. 10 (quoting Strickland v. Washington, 466 U.S. 668, 691 (1984)).) Further, "[e]ven if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it." Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983) (per curiam) (citations omitted). Additionally, "counsel's

reliance on particular lines of defense to the exclusion of others-whether or not he investigated those other defenses-is a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." Chandler v. United States, 218 F.3d 1305, 1318 (11th Cir. 2000).

Here, Petitioner fails to establish defense counsel's chosen strategy at sentencing - not raising specific objections and arguing for a low-end Guideline sentence based on Petitioner's acceptance of responsibility and other mitigating information - was unreasonable. Even if the Court accepts that defense counsel's decision to not object to the enhancements and argue for a lower sentence within the Guideline range was a worse strategy than that advanced in Petitioner's § 2255 motion, it does not alter the conclusion that defense counsel's chosen strategy was still reasonable. After all, "it does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance." Waters v. Thomas, 46 F.3d 1506, 1522 (11th Cir. 1995). Moreover, "[t]he failure to make every valid objection . . . that has merit will not necessarily take counsel's performance 'outside the wide range of professionally competent assistance,' which is the scope of permissible performance." Brewster v. Hetzel, 913 F.3d 1042, 1057 (11th Cir. 2019) (quoting Strickland, 466 U.S. at 690).

Ultimately, by filing a Sentencing Memorandum and presenting oral argument at the sentencing hearing highlighting relevant mitigating information about Petitioner, defense counsel performed reasonably at sentencing. As the Magistrate Judge noted, this approach "is particularly clever in the face" of the child pornography distribution offense for which Petitioner had pled guilty. (Doc. no. 72, p. 27.) Petitioner thus fails to overcome the heavy deference afford to defense counsel's strategic decisions, and his § 2255 motion must fail.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DENIES** Petitioner's motion filed pursuant to 28 U.S.C. § 2255. (Doc. no. 49.)

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this case and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 11th day of August, 2026, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.